UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN MATTHEW FINNEGAN,<br><br>                     Plaintiff,<br><br>        v.<br><br>PALM BEACH COUNTY ANIMAL CONTROL,<br><br>                     Defendant. | Case No. 21-cv-00823-BAS-DEB<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS (ECF No. 2)** |

On April 27, 2021, Plaintiff Sean Matthew Finnegan filed this action against Palm Beach County Animal Control. (Compl., ECF No. 1.) On the same day, Plaintiff also filed a motion seeking leave to proceed *in forma pauperis* ("IFP"). (IFP Mot., ECF No. 2.) For the reasons outlined below, the Court **GRANTS** Plaintiff leave to proceed IFP.

Under 28 U.S.C. § 1915, a litigant who because of indigency is unable to pay the required fees or security to commence a legal action may petition the court to proceed without making such payment. The determination of indigency falls within the district court's discretion. *Cal. Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991), *rev'd on other grounds,* 506 U.S. 194 (1993) (holding that "Section 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency"). It is well-settled that a party need not be

completely destitute to proceed IFP. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948). To satisfy the requirements of 28 U.S.C. § 1915(a), "an affidavit [of poverty] is sufficient which states that one cannot because of his poverty pay or give security for costs . . . and still be able to provide himself and dependents with the necessities of life." *Id.* at 339. At the same time, however, "the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense . . . the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984).

District courts, therefore, tend to reject IFP applications where the applicant can pay the filing fee with acceptable sacrifice to other expenses. *See Skylar v. Saul*, No. 19CV1581-NLS, 2019 WL 4039650, at *3 (S.D. Cal. Aug. 27, 2019). Moreover, "*in forma pauperis* status may be acquired and lost during the course of litigation." *Wilson v. Dir. of Div. of Adult Insts.*, No. CIV S-06-0791, 2009 WL 311150, at *2 (E.D. Cal. Feb. 9, 2009). Finally, the facts as to the affiant's poverty must be stated "with some particularity, definiteness, and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (citing *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960)).

Having read and considered Plaintiff's application, the Court finds that Plaintiff meets the requirements for IFP status under 28 U.S.C. § 1915. Plaintiff is unemployed and does not have a known source of income. (IFP Mot. ¶¶ 2–3.) Plaintiff possesses no cash, savings, or assets. (*Id.* ¶¶ 4–7.) He declares that he has medical debt but does not disclose how much he is indebted. Under these circumstances, the Court finds that requiring Plaintiff to pay the court filing fees would impair his ability to obtain the necessities of life. *See Adkins*, 335 U.S. at 339.

Considering the foregoing, the Court **GRANTS** Plaintiff's application for leave to proceed *in forma pauperis* (ECF No. 2). However, if it appears at any time in the future that Plaintiff's financial picture has improved for any reason, the Court will direct Plaintiff to pay the filing fee to the Clerk of the Court. This includes any recovery that Plaintiff

may realize from this suit or others, and any assistance Plaintiff may receive from family or the government.

**IT IS SO ORDERED.**

**DATED: April 30, 2021**

Hon. Cynthia Bashant
United States District Judge