UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN MATTHEW FINNEGAN,<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>PALM BEACH COUNTY ANIMAL CONTROL,<br><br>　　　　　　　　Defendant. | Case No. 21-cv-00823-BAS-DEB<br><br>**ORDER DISMISSING ACTION WITHOUT PREJUDICE** |

　　　Plaintiff Sean Matthew Finnegan brought this action on April 27, 2021. (ECF No. 1.) On August 4, 2021, the Court ordered Plaintiff to show cause on or before August 25, 2021, why his action should not be dismissed for failure to complete service pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. (ECF No. 8.) The Court warned Plaintiff that a failure to file an adequate response to the Court's Order can result in the Court dismissing the action. (*Id.*)

　　　"District courts have the inherent power to control their dockets and, '[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal of a case.'" *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (quoting *Thompson v. Hous. Auth. of L.A.*, 782 F.2d 829, 831 (9th Cir. 1986)); *accord Link v. Wabash R.R.*, 370 U.S. 626, 630–31 (1962) (holding courts are vested with an inherent

power "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases"). This inherent power exists independently of a district court's authority to dismiss an action under Federal Rule of Civil Procedure 41(b). *Link*, 370 U.S. at 630–32. "Despite this authority, dismissal is a harsh penalty and, therefore, it should only be imposed in extreme circumstances." *Ferdik*, 963 F.2d at 1260.

The circumstances in which a court may exercise its inherent power to dismiss an action include where a plaintiff has failed to prosecute the case or failed to comply with a court order. *Link*, 370 U.S. at 630; *Yourish v. Cal. Amplifier*, 191 F.3d 983, 989–90 (9th Cir. 1999). In determining whether to exercise this power, "the district court must weigh five factors including (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *Ferdik*, 963 F.2d at 1260–61 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986), and *Thompson*, 782 F.2d 829 at 831) (internal quotation marks omitted). Although it is preferred, the district court is not required to "make explicit findings in order to show that it has considered these factors." *Ferdik*, 963 F.3d at 1261.

Here, Plaintiff has failed to complete service or file an adequate response to this Court's Order to Show Cause—notwithstanding the Court's clear admonition to Plaintiff that a failure to do so would result in dismissal. Having weighed the appropriate factors, the Court concludes that dismissing this case is warranted. *See Ferdik*, 963 F.2d at 1260–61.

Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** this action in its entirety.

**IT IS SO ORDERED.**

**DATED: August 27, 2021**

Hon. Cynthia Bashant
United States District Judge